### DEN v. WESTBROOK AND MYERS.

The defendant Myers entered by the permission of the lessor of the plaintiff, and in pursuance of an agreement made between them for the sale of the premises to Myers. The possession of the latter, and his subsequent lease of a part of the lands to Westbrook, the other defendant, is consistent with his right of possession, and the vendor cannot oust the defendants, or either of them without a previous *demand* of the possession. The service of a declaration in ejectment, is not equivalent to such a demand.

This was an action of ejectment for lands in the county of Sussex. The following state of the case was agreed upon at the Circuit.

This cause was tried before his honor the CHIEF JUSTICE, at the Sussex Circuit in November 1835. It appeared by the evidence, that the lessor of the plaintiff had title to the premises in question, being a farm of one hundred and five acres, with a wood lot of sixty seven and ten hundredths acres, all in Sandyston, in said county. That Samuel Myers, the son of the lessor of the plaintiff, and one of the defendants, about the month of October 1826, entered upon the premises by the consent of his father, under an agreement to purchase. That he assisted his father in making fence and repairing the premises, but did not comply with the terms of the agreement, nor pay any part of the purchase money, or even the interest. And about three years ago, the said Samuel let the principal part of the premises to the other defendant Kelly Westbrook, for a term of years, reserving to himself about two acres, upon which he built a house, that cost between two hundred and three hundred dollars.

That at the time of commencing the action, Samuel was tenant in possession of the part reserved by him, and Westbrook of the other part of the premises.

Verdict for the plaintiff, under the direction of the court, reserving the point raised, viz : whether the defendants are entitled to notice to quit ?

*Anderson and Haines,* for plaintiff.

*Halsted and Miller,* for defendants.

The opinion of the court, was delivered by

HORNBLOWER, C. J., There was no relation of landlord and tenant, subsisting between the lessor of the plaintiff and the defendants, or either of them ; not even by construction, so as to entitle them to a notice to quit.

The question presented by the facts in this case, and which was overlooked both by the court and counsel, at the Circuit, is not, whether the defendants were entitled to a notice to quit, as in the case of actual or constructive tenancy from year to year ; but whether the plaintiff could institute an action of ejectment, without previously making a demand of possession.

The defendant Myers, entered by the permission of the lessor of the plaintiff, and in pursuance of an agreement made between them for the sale of the premises to Myers.    The possession of the latter, and his subsequent lease of a part of the lands to Westbrook the other defendant, was entirely consistent with his right of possession.    Under such circumstances the vender cannot oust the defendants or either of them without a previous. *demand* of the possession.    The service of a declaration in ejectment, is not equivalent to such a demand; for such a service proceeds upon the ground, that the tenant is a wrong-doer ; and if he suffers judgment by default to pass against the casual ejector, he may be sued for the mesne profits."    *Right ex dem. Lewis* v. *Beard,* 13 *East,* 211. · *Doe, dem. Newby* v. *Jackson,* 1 *Barn and Cress.* 448.    The law of *Landl. and ten. by Comyn,* 291.    2 *Law Lib.* 163.    *Kirtland* v. *Pounsett,* 2 *Taunt.* 145.    I am therefore of opinion, that the verdict ought to be set aside and a non-suit entered. ˙

*Plaintiff nonsuit.*

CITED in *Van Valkenberg* v. *Rahway Bank,* 3 *Zab.* 588.